UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| BRIAN OWENS, | ) |
| Plaintiff, | ) |
| vs. | ) |
| IBA SOFTWARE TECHNOLOGIES, INC., JOE T. CLERICO, and DOUGLAS R. PORTER, | ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, Defendants IBA Software Technologies, Inc. ("IBA"), Joseph T. Clerico ("Clerico"), and Douglas R. Porter ("Porter") hereby remove the state court civil action, *Brian Owens v. IBA Software Technologies, Inc., Joseph T. Clerico , and Douglas R. Porter*, Civil Action No. 15-00258, Norfolk Superior Court, to the United States District Court for the District of Massachusetts.  The state court action is removable to this Court under 28 U.S.C. §§ 1331 and 1441(a), because the Court has original jurisdiction based on federal question jurisdiction.  A more detailed statement of the grounds for removal follows:

### Grounds for Removal

1. Plaintiff commenced this action on or about February 18, 2015, by filing a Complaint against Defendants in Norfolk Superior Court, bearing Case No. 2015-15-00258.

2. Plaintiff's claims arise out of his former employment at IBA.  Plaintiff alleges that Defendants violated the Fair Labor Standards Act, 29 U.S.C. § 207, and M.G.L. c. 151, § 1A by failing to pay him time and a half for hours worked over forty in a work week.  Plaintiff also alleges that Defendants violated M.G.L. c. 149, § 148 by failing to pay commissions due to him,

paying commissions thirty days after they became due, and failing to pay him for unused accrued vacation time upon termination of employment.

3. As Plaintiff is expressly suing under the Fair Labor Standards Act, 29 U.S.C. § 207, federal jurisdiction appears on the face of the Complaint. Resolution of Plaintiff's claims necessarily depends on the interpretation and application of federal law. Therefore, this Court has original jurisdiction based on federal question jurisdiction. *See* 28 U.S.C. § 1331; *see also Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Fitzgerald v. Codex Corp.*, 882 F.2d 586, 587 (1st Cir. 1989) ("[A] complaint originally filed in state court can[] be removed to federal court [if] federal jurisdiction appears from the face of a 'well-pleaded complaint'").

4. Further, because Plaintiff's claims "derive from a common nucleus of operative fact," *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966), this Court has supplemental jurisdiction over those claims arising under Massachusetts law. *See* 28 U.S.C. § 1367 ("[I]n any civil action over which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action . . . that they form part of the same case and controversy.").

## The Other Prerequisites for Removal Have Been Satisfied

5. In addition to establishing the requirements for federal question jurisdiction, Defendants have satisfied all other requirements for removal.

6. Defendants were served with the Complaint in this action on March 17, 2015. Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

7. Defendants IBA, Clerico, and Porter join in the removal of this action. *See* 28 U.S.C. § 1446(b)(2)(A).

8.      Norfolk Superior Court is located within the District of Massachusetts.  *See* 28 U.S.C. § 1441(a).

9.      Copies of all process, pleadings, and orders served upon Defendants, including the Summons and Complaint, are attached collectively hereto as Exhibit A.  *See* 28 U.S.C. § 1446(a).

10.     A copy of this Notice of Removal is being served upon counsel of record for Plaintiff and a copy is being filed with the Clerk of the Norfolk Superior Court.  *See* 28 U.S.C. § 1446(d).

11.     Pursuant to District of Massachusetts Local Rule 81.1, Securitas will file certified or attested-to copies of all records and proceedings in the state court and a certified or attested-to copy of all docket entries in the state court within 28 days of filing this Notice of Removal.

WHEREFORE, Defendants respectfully request that this Court retain subject matter jurisdiction of this action under 28 U.S.C. §§ 1331, 1441 and 1446.

Respectfully submitted,

IBA SOFTWARE TECHNOLOGIES, INC., JOESEPH T. CLERICO, and DOUGLAS R. PORTER,

By their attorneys,

/s/ Liam T. O'Connell
Liam T. O'Connell, Esq. (BBO #558249)
*loconnell@nutter.com*
Emily Grannon Fox (BBO #682267)
*efox@nutter.com*
Nutter McClennen & Fish, LLP
Seaport West
155 Seaport Boulevard
Boston, MA  02210
(617) 439-2000

Dated:  April 6, 2015

## **CERTIFICATE OF SERVICE**

   I hereby certify that, on April 6, 2015, this document (filed through the ECF system) will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

              /s/ Liam T. O'Connell
              Liam T. O'Connell

2774962.1